IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHEVRON CORPORATION and ACS HR SOLUTIONS, LLC, as Subrogee of Chevron Corporation and the Chevron Retirement Plan,<br><br>    Plaintiffs/Counterdefendants,<br><br>vs.<br><br>CARL H. JOLLIFF,<br><br>    Defendant/Counterplaintiff. | Case No. 3:09-cv-246<br><br>Hon. J. Phil Gilbert |

**MEMORANDUM AND
ORDER TO SHOW CAUSE**

This matter having come before the Court on the Carl H. Jolliff's Motion to Strike The Affidavit of Michael Sigmund (Doc. 26) on the ground that Sigmund was not disclosed in response to an interrogatory requesting the identity of every person who has knowledge concerning the relevant facts. Federal Rule of Civil Procedure 37(c)(1) provides,

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
> (B) may inform the jury of the party's failure; and
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Here, the plaintiffs have failed to identify Sigmund as they were required to do. Unless the failure was substantially justified or is harmless, Rule 37(c)(1) prohibits them from using his testimony in support of their motion for summary judgment. The Court believes the failure to disclose Sigmund may be rendered harmless if Jolliff is allowed to depose Sigmund, at the

plaintiffs' expense, and to amend his response to the summary judgment motion.

In light of the foregoing, the Court **ORDERS** the plaintiffs to **SHOW CAUSE** on or before February 12, 2010, why the Court should not either (1) strike Sigmund's affidavit in support of the motion for summary judgment and bar him from providing any evidence in this case pursuant to Rule 37(c) or, in the alternative, (2) allow a reasonable time for Jolliff to depose Sigmund, at the plaintiffs' expense and at Jolliff's convenience, and a reasonable time thereafter for Jolliff to amend his response to the pending summary judgment motion. Jolliff shall have up to and including February 19, 2010, to reply to the plaintiffs' response to this order. If the plaintiffs fail to file a timely response to this order to show cause, the Court will grant Jolliff's motion to strike and will bar Sigmund from giving any evidence in this case. The Court further **ORDERS** that briefing on the summary judgment motion is stayed until further order of the Court. The Court **RESERVES RULING** on Jolliff's motion to strike (Doc. 26) pending its receipt of the briefing on this order to show cause.

**IT IS SO ORDERED.**
**DATED:  January 21, 2010**

                                        s/ J. Phil Gilbert
                                        **United States District Judge**